**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| IN RE:<br>**PAUL HRYWNAK,** aka<br>    Paul Hrywnak, Jr.,<br><br>  Debtors | CHAPTER 13<br><br>CASE NO. **5:19-bk-04435**<br><br>___ ORIGINAL PLAN<br>_1st_ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)<br>_3_ Number of Motions to Avoid Liens<br>_1_ Number of Motions to Value Collateral |

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☑ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☑ Included | ☐ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☑ Included | ☐ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. **Plan Payments From Future Income**

    1. To date, the Debtor paid **$ 0** (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is **$ 50,205**, plus other payments and property stated in § 1B below:

| Start mm/yyyy | End mm/yyyy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 04/2020 | 10/2020 | $ 315 | N/A | $ 315 | $ 2,205 |
| 11/2020 | 10/2024 | $ 1,000 | N/A | $ 1,000 | $ 48,000 |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $ 50,205 |

    2.    If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3.    Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4.  CHECK ONE:  ( X ) Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

  **B. Additional Plan Funding From Liquidation of Assets/Other**

    1.    The Debtor estimates that the liquidation value of this estate is **$ 0** . (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

  X    No assets will be liquidated. *If this line is checked, the rest of § 1.B need not be completed or reproduced.*

**2.    SECURED CLAIMS.**

  **A. Pre-Confirmation Distributions.** *Check one.*

  X    None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

  **B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check one.*

  \_\_\_    None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

__X__  Payments will be made by the Debtor directly to the creditor according ~~to the original contract terms, and without~~ modification of those terms ~~unless otherwise~~ agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **Deutsche Bank Nat'l Trust Co./Select Portfolio Servicing (Claim No. 6)** | **Debtor's Residence at 514 O'Hara Road, Moscow, Lackawanna County, Pennsylvania** | **7904 (per loan modification)** |

C. **Arrears, including, but not limited to, claims secured by Debtor's principal residence.** *Check one.*

_____  None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

__X__  The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **Deutsche Bank Nat'l Trust Co./Select Portfolio Servicing (Claim No. 6)** | **Debtor's Residence** | **$ 300,776.72** | **$13,313.28** | **$ 0 (Cure via loan modification)** |

D. **Other secured claims (conduit payments, claims for which a § 506 valuation is not applicable, etc.)**

__X__  None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

**E. Secured claims for which a § 506 valuation is applicable.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

_X_ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| **US Internal Revenue Service (Claim No. 1)** | **All property of Debtor per 4/9/12 tax lien** | **$ 5,573.72** | **5%** | **$6,310.80** | **Plan & Motion** |
| **Pennsylvania Dep't of Revenue (Claim No. 5)** | **All real & personal property of Debtor per 12/15/10 and 10/27/11 tax liens** | **$ 12,959.28** | **6%** | **$15,032.40** | **Plan & Motion** |

**F. Surrender of Collateral.** *Check one.*

___ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

___ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
|  |  |
|  |  |

4

Case 5:19-bk-04435-RNO    Doc 39    Filed 04/03/20    Entered 04/03/20 16:13:07    Desc
Main Document    Page 4 of 8

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

____ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

_X_ The Debtor moves to avoid the following judicial and/or nonpossessory, non-purchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

| Name of Lien Holder. | Ronald A. Pickenheim | | |
|---|---|---|---|
| Lien Description. (For a judicial lien, include court and docket number.) | Lackawanna County 2017-CV-05946 | | |
| Description of the liened property. | Debtor's Residence | | |
| Liened Asset Value | $ 300,000 | | |
| Sum of Senior Liens | $ 522,283.36 | | |
| Exemption Claimed | N/A | | |
| Amount of Lien | $ 7,013.79 | | |
| Amount Avoided | $ 7,013.79 | | |

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of **$2,000** already paid by the Debtor, the amount of **$2,000** in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

      _X_ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

5

Case 5:19-bk-04435-RNO    Doc 39    Filed 04/03/20    Entered 04/03/20 16:13:07    Desc
Main Document    Page 5 of 8

B. **Priority Claims (including certain Domestic Support Obligations)**.

Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| **US Internal Revenue Service (Claim No. 1)** | $ 22,840.13 |
| **Pennsylvania Dep't of Revenue (Claim No. 5)** | $ 0 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

  X   None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4. **UNSECURED CLAIMS**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one of the following two lines.*

      X   None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    X   None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ___ plan confirmation.
     X   entry of discharge.
    ___ closing of case:

6

Case 5:19-bk-04435-RNO    Doc 39    Filed 04/03/20    Entered 04/03/20 16:13:07    Desc
Main Document    Page 6 of 8

7.  **DISCHARGE: (Check one)**

   (X)  The debtor will seek a discharge pursuant to § 1328(a).
   ( )  The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

| Level 1 | Adequate protection payments | $ -0- | |
|---|---|---|---|
| Level 2 | Debtor's attorney's fees. | $ 2,000 | |
| Level 3 | Domestic Support Obligations | $ -0- | |
| Level 4 | Priority claims, pro rata | $ 22,840.13 | |
| Level 5 | Secured claims, pro rata | $ 21,343.20 | |
| Level 6 | Specially classified unsecured claims | $ -0- | |
| Level 7 | General unsecured claims | $ 4.67 | |
| Level 8 | Untimely filed unsecured claims to which the debtor(s) has/have not objected. | $ -0- | |
| | Subtotal | | $ 46,188 |
| | Trustee Commission (Estimated at 8%) | $ 4,017 | |
| | Total | | $ 50,205 |

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

9.  **NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

   A.  This Plan contains 1) a chart in Section 8, above, that contains estimated distributions to each class of creditors, in addition to all other items required by the Model Plan, and 2) no signature line for joint debtor, as there is none.

   B.  This Plan provides for direct payments to Deutsche Bank Nat'l Trust Co./Select Portfolio Servicing (Claim No. 6) in Section 2.B., above. Debtor shall apply for a residential mortgage assistance with regard to Claim No. 6, and make direct payments in accordance with any resulting loan modification. As such, Section 2.B, has language stricken (stricken) accordingly. If Debtor is not approved for a loan modification by December 31, 2020, that portion of Debtor's Residence at 514 O'Hara Road, Moscow, Lackawanna County, Pennsylvania subject to the mortgage shall be surrendered to Deutsche Bank Nat'l Trust Co./Select Portfolio Servicing in full satisfaction of any secured claim. For this reason, Section 2.F., above is ambivalent.

**C.** This Plan provides for payment of the secured claims of **US Internal Revenue Service (Claim No. 1)** and **Pennsylvania Dep't of Revenue (Claim No. 5)** modified to the total of Debtor's interest in real and personal property, according to lien priority based on the date of filing of their respective tax liens. A Motion to Determine Amount of Secured Claim shall be filed to determine the appropriate amount and lien priority of each secured claim. Confirmation of this Plan shall be continued pending resolution of the Motion.

**D.** This Plan avoids the judgment lien of Ronald A. Pickenheim represented by a judgment docketed in the Court of Common Pleas of Luzerne County, Pennsylvania at 2017-CV-05946. Upon Discharge, a copy of this Plan, any Order Confirming Plan, any Order Granting Motion to Modify Confirmed Plan and the Discharge Order may be filed with the appropriate office of Court of Common Pleas of Luzerne County, Pennsylvania at 2017-CV-05946 to demonstrate that the judgment lien has been avoided.

Dated: March 31, 2020                /s/ J. Zac Christman
                                     J. Zac Christman, Esquire, Attorney for Debtor


                                     /s/ Paul Hrywnak
                                     **Paul Hrywnak,** Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.